

FILED

08/12/2021

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: AF 06-0163

## IN THE SUPREME COURT OF THE STATE OF MONTANA

AF 06-0163

IN RE THE RULES OF CONTINUING LEGAL
EDUCATION

FILED

AUG 1 2 2021

Bowen Greenwood
Clerk of Supreme Court
State of Montana

O R D E R

The Commission for Mandatory Continuing Legal Education has submitted proposed amendments to Rules 5, 8, 9, 10, and 12 of the Montana Rules and Regulations for Continuing Legal Education to the Court for its consideration. After consideration of the proposed amendments, the Court has determined that the bench and bar of the State of Montana should be provided an opportunity to comment thereon.

The proposed amendments to the Rules are attached to this Order. Language proposed to be stricken from the Rules is interlineated, and language proposed to be added is underlined.

IT IS THEREFORE ORDERED that all members of the bench and bar of Montana and any other interested persons are granted 30 days from the date of this Order in which to file with the Clerk of this Court appropriate comments and/or suggestions to the attached Proposed Revisions to the Montana Rules and Regulations for Continuing Legal Education.

IT IS FURTHER ORDERED that this Order and the attached Proposed Revisions to the Montana Rules and Regulations for Continuing Legal Education shall be posted on the websites of the Montana Judicial Branch and the State Bar of Montana. The State Bar of Montana is further requested to give notice of this Order and of its website posting of the Proposed Revisions in the next available issue of *The Montana Lawyer*.

IT IS FURTHER ORDERED that the Clerk of this Court shall provide copies of such to the State Bar of Montana and shall provide to each District Court Judge and each Clerk of the District Court a copy of this Order with a request that each Clerk of the District Court make the Order available for public review in the Office of the Clerk of the District Court.

DATED this 12th day of August, 2021.

For the Court,

_____
Chief Justice

# Proposed Revisions to the Montana Rules and Regulations for Continuing Legal Education

## Rule 5. Reporting Requirements

A. Report.

On or before April 15 of each year, the Commission shall provide each active ~~member~~ attorney, except those granted an exemption under Rule 4, a preliminary ~~report~~ transcript of all accredited CLE credits earned ~~accumulated~~ by that ~~member~~ attorney in the previous reporting year. If the attorney finds the preliminary transcript ~~report to be~~ inaccurate or incomplete, the attorney may ~~he or she shall~~ provide corrections in writing ~~to the CLE administrator by May 15. If the Commission determines the corrections incomplete or ambiguous, additional information may be required from the reporting member.~~ The preliminary transcript, ~~report,~~ including Commission-approved corrections, if any, will be deemed the official transcript ~~report~~ on June 1.

B. Fee.

The Commission shall require each reporting attorney to pay ~~payment of~~ a fee up to $75 ~~not to exceed twenty-five dollars ($25), which each reporting attorney must pay~~ to defray the cost of maintaining records and enforcing the Rules. The attorney ~~prescribed feeshall~~ submit the prescribed fee together with ~~accompany~~ the Supreme Court License Tax and the State Bar of Montana Membership Dues ~~submitted by each attorney~~. Failure to pay the ~~prescribed~~ fee constitutes noncompliance under Rule 10 ~~12~~.

C. Noncompliance Fees.

~~In addition to the filing fee prescribed in Rule 3B2(e), attorneys deemed noncompliant who correct the deficiency on or before July 1, as provided in Rule 12A,~~ Attorneys remaining noncompliant after May 15 shall be assessed an additional fee. Noncompliance after July 1 shall be governed by Rule 10 ~~12~~.

D. Burden.

The attorney has the burden ~~is on the member to submit and~~ to satisfy the requirements of these Rrules~~, and failure to respond in a timely manner shall constitute noncompliance under Rule 12~~.

## ~~Rule 8. Presumptive Accreditation~~

~~The Commission may recognize and presumptively accredit courses that have been accredited by *and* held in other states. The Commission will grant the same number of credits to each course that was granted in the state in which the course was presented. The Commission retains the right to reject accreditation of any course that it believes does not meet the standards set out in rule 6(B) or for which documentation of accreditation is not provided.~~

## Rule 8 ~~9~~. Accreditation

A. Accreditation means verification under the Rules that an educational activity qualifies for Mandatory Continuing Legal Education credit.

B.A. A sponsor ~~(other than an Accredited Sponsor)~~ ~~or an individual member~~ may seek accreditation by submitting the Uniform Application for Approval of Continuing Legal Education, together with a timed agenda, a detailed summary for each topic/session, ~~advance approval on a form provided by the Commission, accompanied with a~~ and the filing fee ~~in an amount to be determined by the Commission each year. The same~~ ~~procedure may be followed after presentation of the activity, except that, unless waived by~~ ~~the Commission, requests for approval of activities must be submitted before March 31 of~~ ~~the reporting year in which the activity was presented. Courses submitted after the March~~ ~~31 deadline will incur a late filing fee not to exceed fifty dollars ($50.00). The~~ ~~Commission, with the MCLE Administrator, shall advise the applicant in writing whether~~ ~~the activity is approved and, if approved, the number of credit hours allowed.~~
~~B. Except as provided above, no credit will be recognized without application and~~ ~~approval. Any delay which takes place in making a determination on a request for approval~~ ~~does not relieve the member from compliance with the Rules.~~

C. If a sponsor fails to seek accreditation, an attorney may seek individual accreditation by submitting the Uniform Application for Approval of Continuing Legal Education for approval, together with a timed agenda, a detailed summary for each topic/session, and the filing fee.

D. The Commission will determine the number of continuing legal education credit hours allowed, if any, and advise the applicant in writing.

E. The Commission will not accredit an activity without application and approval. Accreditation in another jurisdiction will not guarantee accreditation in Montana.

F. Any delay in accreditation caused by the timing of the submission of the application or by an incomplete or unclear application does not exempt an attorney from complying with the Rules and paying the applicable fees.

**Rule 10.  Accredited Sponsors**
~~A. An Accredited Sponsor is an organization designated as such by the~~ ~~Commission. Continuing legal education activities presented by an Accredited Sponsor are~~ ~~approved legal education activities.~~
~~B. An application for approval as an Accredited Sponsor shall be submitted~~ ~~annually on a form provided by the Commission and accompanied by a filing fee in an~~ ~~amount to be determined by the Commission each year. Applications shall be evaluated~~ ~~under criteria defined in Rules 6 and 7. A sponsor shall not be accredited unless it has~~ ~~offered five or more separate continuing legal education activities during the preceding~~ ~~year.~~
~~C. Upon approval as an Accredited Sponsor, the organization is exempt from the~~ ~~requirement of applying for approval of individual programs. Documentation for~~ ~~individual programs must be submitted prior to December 31 of the calendar year in which~~ ~~the activity was presented. Documentation submitted after the December 31 deadline will~~ ~~not be considered unless accompanied by a late filing fee not to exceed fifty dollars~~ ~~($50.00). The Commission will determine the number of credit hours for each continuing~~ ~~legal education activity.~~

2

D. The Commission may at any time re-evaluate and revoke the status of an Accredited Sponsor if a program fails to meet either the accreditation standards set forth in Rule 6B or the methods of presentation set forth in Rule 7.

E. A list of organizations or groups which are approved as Accredited Sponsors of continuing legal education activities will be maintained by the MCLE Administrator in the office of the State Bar of Montana. A current list of Accredited Sponsors will be published in the *Montana Lawyer*.

## Rule ~~12~~ <u>10</u>. Noncompliance

A. Notice of Noncompliance.

<u>By June 1, the</u> The Commission shall, by June 1 of each year, send a written notice of noncompliance to each attorney who <u>fails to earn the necessary credits prior to April 1</u> has not fulfilled the CLE requirements for the previous year as documented by the official report compiled through the procedure outlined in Rule 5. The notice of noncompliance shall ~~describe the nature~~ <u>include documentation</u> of the noncompliance and shall state that, unless the attorney files an acceptable update to the official report with the Commission by July 1 of that year showing that the noncompliance has been corrected and pays the appropriate fees, the Commission will direct the State Bar of Montana to transfer the attorney to inactive status until the noncompliance is corrected and the fees required by Rule 5 are paid.

B. Notice of Transfer.

<u>By July 15</u> No later than ten (10) Business days after July 1, <u>if an attorney remains noncompliant,</u> the Commission shall <u>transfer the attorney to inactive status and forward</u> ~~furnish~~ <u>to the Montana Supreme Court</u> the names of the attorneys transferred and the effective date of their transfers to inactive status to the named attorneys, to the Montana Supreme Court, to the Clerk of the Montana Supreme Court, to the Clerks of the District Courts of the State of Montana with the request that they provide a copy to the district judges in their judicial districts, to the Clerk of the Federal District Court of the District of Montana, with a request that the Clerk provide a copy to the United States District Judges in Montana and to the Clerk of the Circuit Court of Appeals of the Ninth Circuit.

C. Transfer Not Punishment.

The transfer of an attorney to inactive status pursuant to this Rule shall not be deemed a punishment or disciplinary action for purposes of the Montana Rules of Professional Conduct or the Montana Rules for Lawyer Disciplinary Enforcement.

~~D. Fee for~~ Reinstatement.

An attorney transferred to inactive status <u>for noncompliance may</u> ~~pursuant to this Rule shall~~ apply for reinstatement as <u>an active status attorney by filing with the Clerk of the Supreme Court a petition demonstrating payment of the noncompliance fee, payment of the reinstatement fee, and completion of the required credits</u> provided in Section 3 of the By-Laws of the State Bar of Montana and shall pay to the State Bar of Montana a fee equal to the greater of two hundred dollars ($200.00) or the usual and customary fee charged by the State Bar of Montana for transferring a member from inactive to active status.

3

### D. Transfer Not Disciplinary.

The Commission does not consider the transfer of an attorney to inactive status as a disciplinary action.